IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES KELLEY,
ADC #140048                                                                                          PLAINTIFF

v.                                            5:09CV00049SWW/JTK

JACK DAVIS                                                                                          DEFENDANT

ORDER

This matter is before the Court on several motions filed by the plaintiff.

1) Motion to amend (Doc. No. 56) -  In this motion, plaintiff asks to amend his complaint to include an allegation of excessive force against a second defendant, George Britton, and to add allegations of retaliation and denial of his right to freedom of speech against defendant Davis. Plaintiff states in his proposed amended complaint that at the time of the excessive force by defendant Davis, proposed defendant George Britton "grabbed my right arm."

Fed.R.Civ.P. 15(a)(2) permits amendment of pleadings prior to trial "with the opposing party's written consent or the court's leave." By Order dated July 8, 2010, this Court denied a prior motion to amend filed by the plaintiff (to which defendant also objected), noting that plaintiff did not attach a proposed amended complaint, and that the case is scheduled for an Evidentiary Hearing on August 23, 2010.  While plaintiff now has submitted a proposed amended complaint, and the Court has reviewed it, the Court finds that it should be denied.  Plaintiff's allegation against defendant Britton fails to state a claim for excessive force, as "[n]ot every malevolent touch by a prison guard gives rise to a federal cause of action....The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Jones v. Shields, 207 F.3d 491, 495 (8th Cir. 2000).  Furthermore, plaintiff's allegations against defendant

Davis for retaliation and denial of his freedom of speech do not appear to be related to the incident at issue in his complaint, which occurred May 15, 2008. Finally, the Court again notes that this case is scheduled for an Evidentiary Hearing on August 23, 2010, and that this is the second setting for this case. Therefore, the Court will deny plaintiff's motion to amend.

2) Motion to compel (Doc. No. 57) - In this motion, plaintiff states defendant has not provided him with all the information requested in his discovery requests. Specifically, plaintiff states he asked for copies of all statements made concerning the incident, and information of previous lawsuits filed against defendant. Plaintiff also requested the video recordings of the incident at issue, names and addresses of all defense witnesses, written or recorded statements, reports or witness statements made in connection with the case, and any audio or video recordings. Plaintiff states he has learned of a statement by Ms. Moore concerning the incident, which he did not receive.

In his response (Doc. No. 58), defendant states he provided to plaintiff a copy of his witness statement, together with a copy of a statement written by Faith Willoughby. Defendant further states he is unaware of a written statement by Ms. Moore, and is unaware of any other written statements regarding the incident at issue. Defendant states he responded to plaintiff's request about prior lawsuits, stating he had been sued on one prior occasion. Defendant also states he is unaware of any video footage of the incident, and that plaintiff did not previously request this. He states he provided plaintiff with names and addresses of all witnesses prior to the first trial setting of this case, on March 2, 2010, and previously provided to plaintiff reports of witnesses and experts in his March 2010 discovery responses.

The Court finds that the requests set forth in plaintiff's motion to compel have been provided to him by defendant, and therefore, will deny his motion.

3) Motion to vacate (Doc. No. 59) - In this motion, plaintiff asks the Court to vacate its July 8, 2010 Order which denied his motions to amend, for counsel, to take defendant's deposition, and for a continuance. For the same reasons as set forth in that Order, the Court will deny plaintiff's present motion.

4) Motion to take defendant's deposition (Doc. No. 60) - This motion will also be denied, for the reasons set forth in the July 8, 2010 Order.

5) Motion for a jury trial (Doc. No. 61) - According to Fed.R.Civ.P. 38(b), a party may demand a jury trial by serving a demand in writing no later than fourteen days after the service of the last pleading directed to such issue. In this case, defendant filed his answer on March 30, 2009 (Doc. No. 7), and plaintiff filed this jury demand on July 15, 2010 (Doc. No. 61). Therefore, the Court finds that plaintiff's motion was not timely filed, since it was filed more than ten days after the filing of defendant's answer.

6) Motion for Order (Doc. No. 64) - In this motion, plaintiff asks the Court to order the Arkansas Department of Correction to permit another inmate, who has assisted him in the litigation of this matter, to accompany him to the Evidentiary Hearing, and to assist plaintiff at trial. The Court notes that pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case [Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998)], and the Court is unaware of a Rule providing for the assistance at trial by a fellow inmate. The Court also has previously ruled in this case that the facts and law of the case are not complex and that plaintiff has the ability to present his claims to this Court. Therefore, the Court will deny plaintiff's motion.

7) Motion to disqualify (Doc. No. 65) - Plaintiff asks to disqualify me from this case, based on my prior rulings. Pursuant to 28 U.S.C. § 455(a), a judge is required to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The Courts have stated

that "the question is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" United States v. Dehghani, 550 F.3d 716, 721 (8th Cir. 2008).  Furthermore, "a party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise."  Pope v. Fed. Express Corp., 974 F.2d 982, 985 (8th Cir. 1992).

The Undersigned took an oath to administer justice without respect to persons, and that I would faithfully and impartially discharge and perform the duties as United States Magistrate Judge under the Constitution and laws of the United States.  The Court has no animus toward plaintiff or any other inmate and will faithfully and impartially make decisions based on the law and facts. Plaintiff has not submitted any proof to the contrary in his motion, and therefore, it will be denied.

8) Motion to Clarify Motion to Compel (Doc. No. 66) - In this motion, plaintiff asks to clarify his motion to compel, by requesting copies of internal investigation reports of the incident at issue in his complaint.  To the extent that plaintiff asks to clarify his motion, the Court will grant his request, and will direct defendant to file a response to plaintiff's request.  Defendant shall respond to this request within seven days of the date of this Order.  Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's motions to amend, to compel, to vacate, to take defendant's deposition, for jury tril, for order, and to disqualify (Doc. Nos. 56, 57, 59, 60, 61, 64, 65) are hereby DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to clarify (Doc. No. 66) is hereby GRANTED.  Defendant shall respond to plaintiff's request concerning the existence of internal investigation reports, within seven days of the date of this Order.

IT IS SO ORDERED this 22nd day of July, 2010.

                                                               UNITED STATES MAGISTRATE JUDGE